IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| NOEL CHRISTOPHER TURNER, #1861086 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv326 |
| | § | CONSOLIDATED WITH CIVIL ACTION |
| DIRECTOR, TDCJ-CID | § | NOS. 4:17cv327 AND 4:17cv328 |

ORDER OF DISMISSAL

Petitioner Noel Christopher Turner, an inmate confined in the Texas prison system, filed the above-styled and numbered petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitions were referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petitions should be dismissed as time-barred. Petitioner has filed objections.

Petitioner is challenging three Grayson County convictions. On May 23, 2013, after pleas of guilty and pursuant to a plea agreement, he was sentenced to 28 years of imprisonment for conspiracy to commit arson, 5 years of imprisonment for sexual assault of a child, and 1 year of imprisonment for credit card or debit card abuse, with the sentences running concurrently. He did not make any attempt to challenge the convictions in state court until September 2016. The present petitions were not filed until May 2, 2017.

Under 28 U.S.C. § 2244(d)(1)(A), Petitioner had one year from the date his convictions became final to file the present petitions, absent tolling provisions. His convictions became final on June 24, 2013. The present petitions were due no later than June 24, 2014, in the absence of tolling provisions. The petitions were not filed until almost three years later on May 2, 2017. As was previously noted, he did not file anything in state court until September 2016. By then, the present petitions were already time-barred by more than two years. The pendency of the state applications did not effectively toll the deadline of June 24, 2014.

In both his petitions and objections, Petitioner argues that he is entitled to equitable tolling. The Supreme Court has held that the AEDPA's statute of limitations may be tolled for equitable

1

reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649. Petitioner has shown neither. He attached copies of several letters he wrote concerning his convictions, but he did not show that he pursued his rights diligently or that extraordinary circumstances stood in his way and prevented timely filing.

Petitioner also argues in both his petition and objections that he is entitled to relief based on actual innocence. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . the expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). *See also Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2013). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. Petitioner's objections focus on legal arguments, as opposed to factual innocence, but "[a]ctual innocence means 'factual innocence and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). He has not shown actual innocence. Furthermore, as the Magistrate Judge explained, courts have been unwilling to allow prisoners to invoke *McQuiggin* after pleading guilty. Petitioner knowingly and voluntarily pled guilty, and he has not made a viable showing of actual innocence; thus, the actual innocence gateway for consideration of his claims is not available.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are

without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petitions for a writ of habeas corpus are **DENIED** and the cases are **DISMISSED** with prejudice as time-barred. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**SIGNED this 8th day of July, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE